IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Holly Parmer-Lamb, | ) |
|    Plaintiff, | ) |
| v. | ) No.   1:18-cv-293 |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) |
|    Defendants. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Holly Parmer-Lamb, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3. Plaintiff, Holly Parmer-Lamb ("Parmer-Lamb"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted, time-barred consumer debt, which was allegedly owed for a Columbus Bank and Trust credit card account.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.  Midland operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company, MCM.  MCM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.      MCM and Midland are authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A.  In fact, both of the Defendants conduct business in Indiana.

8.      MCM and Midland are both licensed as debt collection agencies in the

State of Indiana, see, records from NMLS Consumer Access, attached as Group Exhibit B. In fact, both of the Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. More than six years ago, Ms. Parmer-Lamb fell behind on paying her bills, including a debt she allegedly owed for a credit card account. Sometime after that debt became defaulted, Midland acquired it and attempted to collect upon it by having its sister company, MCM, send Ms. Parmer-Lamb a form collection letter, dated March 8, 2017. A copy of this collection letter is attached as Exhibit C.

10. This letter repeatedly urged her to pay the debt through various settlement options. The letter claimed there were "Benefits of Paying!". It also offered Ms. Parmer-Lamb a "discount program designed to save [her] money" and directed her to "maximize [her] savings and put this debt behind [her]". The letter belatedly stated:

* * *

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

* * *

See Exhibit C.

11. Under Indiana Code, a suit on an unsecured debt must be brought within six years of the date of default. The time period to bring suit on Ms. Parmer-Lamb's debt had elapsed, see Indiana Code § 34-11-2.

12. Despite this, the letter falsely suggested that Ms. Parmer-Lamb could still be sued on her debt. The letter failed to state which entity had chosen not to sue -- just MCM or MCM *and* Midland. Additionally, the letter failed to state that MCM and Midland could not, in fact, sue or credit report because the statute of limitations had run. By

stating that "we will not" sue or credit report, rather than they "cannot" sue or credit report, the letter implied that Defendants still had the option to take those actions, and that they were simply choosing not to do so.

13. In fact, neither Defendant could sue to collect Ms. Parmer-Lamb's debt or file a negative credit report because the statute of limitations had run on doing either.

14. Thus, contrary to the language in MCM's letter to Ms. Parmer-Lamb, there were no "[b]enefits of paying" this debt, there were no "discount[s]" to be realized, and making a payment was not going to "save [Ms. Parmer-Lamb] money" – the debt was time-barred.

15. Defendants' failure to effectively disclose that both Defendants could not sue Ms. Parmer-Lamb is material. In Indiana and nationwide, collection agencies like MCM can, and do, file collection lawsuits for their clients, and they also make credit reports for their clients. Thus, this lack of proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe that the debt needed to be paid.

16. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

20. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), petition for cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

21. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that neither Defendant could sue on the debt; b) they did not specify who had chosen not to sue; and c) they falsely claimed that payment would result in benefits and savings.  Thus, Defendants' form letter violates § 1692e of the FDCPA.

22. Defendants' false and misleading statements are material. They would lead a consumer to believe that they had to pay this debt to avoid being sued, credit reported, or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

23.  Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

24. Plaintiff adopts and realleges ¶¶ 1-17.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that neither Defendant could sue on the debt; b) they did not specify who had chosen not to sue; and c) they wrongly claimed that payment would result in benefits and savings. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox, 689 F.3d at 826.

28. Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Holly Parmer-Lamb, prays that this Court:

1. Find that Defendants' form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Parmer-Lamb, and against Defendants,

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Holly Parmer-Lamb, demands trial by jury.

                          Holly Parmer-Lamb,

                          By: /s/ David J. Philipps
                          One of Plaintiff's Attorneys

Dated: January 31, 2018

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Carissa K. Rasch    (Ill. Bar No. 06327475)(S.D. Ind. admission pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
carissa@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com